Gary M. Anderson (State Bar No. 97385)
ganderson@fulpat.com
Fulwider Patton LLP
6100 Center Drive, Suite 1200
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696
litdocketla@fulpat.com

Atul R. Singh (*pro hac vice pending*)
asingh@egsllp.com
James M. Smedley (*pro hac vice pending*)
jsmedley@egsllp.com
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
Telephone: (212) 370-1300
Facsimile: (212) 370-7889

*Attorneys for Plaintiff*
Digital Marketing Corp. d/b/a DigitalBuyer

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DIGITAL MARKETING CORP., a Delaware Corporation, d/b/a DIGITALBUYER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MANUFACTURAS POST FORM, S.A. de C.V., a Mexico Corporation,<br><br>　　　　Defendant. | Case Number: 2:20-cv-6223<br><br>COMPLAINT FOR<br><br>(1) Federal Trademark Infringement and False Designation of Origin<br>(2) Cancellation of Trademark Registration<br>(3) California Unfair Competition<br>(4) Common Law Trademark Infringement<br>(5) Common Law Unfair Competition<br><br>DEMAND FOR JURY TRIAL |

1

## I.  JURISDICTION

1. This Court has jurisdiction over this action: (a) pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, because the action alleges violations of a federal statute, namely, the federal Lanham Act, 15 U.S.C. § 1125(a); (b) pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; (c) pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims under California Business and Professions Code §§ 17200, 17500 *et seq*. and California common law, because the alleged state law claims are so related to the claims in this action over which this Court has original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution

## II.  INTRODUCTION

2. For its Complaint against Defendant, Manufacturas Post Form, S.A. de C.V. ("Defendant" or "Manufacturas"), Plaintiff, Digital Marketing Corporation d/b/a DigitalBuyer ("Plaintiff" or "DigitalBuyer"), by its attorneys, alleges as follows:

3. DigitalBuyer brings this action for injunctive relief and damages under the Federal Trademark Act, commonly referred to as the Lanham Act, for federal trademark infringement and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) *et seq*.; for cancellation of Defendant's U.S. Trademark Registration No. 5958465 for the mark DURABOX under Section 37 of the Lanham Act, 15 U.S.C. § 1119; and trademark infringement and unfair competition in violation of the statutory and common law of the State of California.

## III.  VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in

1  this district, and because, upon information and belief, Defendant has conducted
2  business in this district, has sold or plans to sell infringing products in this district,
3  and is subject to personal jurisdiction in this district and/or resides in this district.

## IV.  THE PARTIES

5. Plaintiff DigitalBuyer is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 155 W. Washington Boulevard, Suite 306, Los Angeles, California 90015.

6. Upon information and belief, Defendant Manufacturas is a corporation organized and existing under the laws of Mexico with an address at Guanacevi, 370 Parque Ind. Lagunero, Gomez Palacio, Durango, Mexico 35078.

## V.  FACTUAL ALLEGATIONS

*DigitalBuyer's Business and Its DURABOX Trademark*

7. DigitalBuyer has been in business since June 2010. DigitalBuyer is a provider of furniture, equipment and supplies for industrial and commercial business use.

8. DigitalBuyer offers its goods throughout the United States while maintaining the highest standards of quality, ethics, and business conduct. DigitalBuyer's products include, but are not limited to, security and fireproof safes, audio-visual furniture, hand trucks and dollies, and personal protective equipment.

9. In or around May 2015, DigitalBuyer began offering among its products metal cash deposit boxes, safe deposit boxes and safety deposit boxes under the trademark DURABOX through its own company website www.digitalbuyer.com and through third party site www.amazon.com.

10. In or around August 2015, DigitalBuyer made its first sale of a product under the DURABOX mark in the United States.

11. Since commencing use of the DURABOX mark, DigitalBuyer has continuously used the DURABOX trademark in United States commerce in connection with the advertising, promotion, sale, and distribution of its products

throughout the United States.  Attached as **Exhibit A** is a screenshot from the website www.digitalbuyer.com showing one of DigitalBuyer's products offered for sale under the mark DURABOX.

12.     DigitalBuyer also advertises its products under the DURABOX mark on its other website www.duraboxes.com.

13.     Since commencing use of the DURABOX mark, DigitalBuyer has advertised and promoted its products, including safety and security deposit boxes, under the trademark DURABOX resulting in significant sales of such products.  To date, DigitalBuyer has sold over 5000 units of its products under the mark DURABOX.

14.     The DURABOX mark has come to be relied upon by the public as identifying and designating DigitalBuyer's products, thereby distinguishing them from other similar products.  DigitalBuyer's DURABOX mark has come to represent and symbolize the high quality and reliability of DigitalBuyer's safety and security boxes.

15.     By virtue of DigitalBuyer's extensive advertising, promotion and sales of products under the mark DURABOX, the mark DURABOX has become well-known, well-established, and exclusively associated with DigitalBuyer and its business.

16.     The DURABOX mark is an inherently distinctive trademark and/or has acquired distinctiveness and secondary meaning as a result of DigitalBuyer's extensive use of the mark in connection with DigitalBuyer's marketing, sales, and distribution of products under the mark.

17.     DigitalBuyer therefore owns all goodwill and common law rights, title, and interest in and to the mark DURABOX for use in connection with goods such as metal cash deposit boxes, safe deposit boxes, safety deposit boxes, and related products.

///

### *DigitalBuyer Applies to Register DURABOX With The U.S. Patent & Trademark Office*

18.　On November 17, 2016, DigitalBuyer filed an application with the U.S. Patent & Trademark Office ("USPTO") to register the DURABOX trademark, which application was assigned Serial Number 87/240,366 and which covers, metal cash deposit boxes; safe deposit boxes; safety deposit boxes. Attached hereto as **Exhibit B** is a printout from the USPTO's TESS database showing details of DigitalBuyer's application (the "DigitalBuyer Application").

19.　On February 23, 2017, the USPTO suspended further action on the DigitalBuyer Application in view of Defendant's application to register the identical trademark DURABOX for tool boxes of metal, empty; tool and tool accessory boxes made of metal sold empty and parts and fittings therefor; tools chests of metal sold empty. Upon information and belief, Defendant's application was filed September 19, 2016, almost two months before the DigitalBuyer Application, and was assigned Serial Number 87175348. Attached hereto as **Exhibit C** is a printout from the USPTO's TESS database showing details of Defendant's application (the "Defendant's Application").

20.　Upon information and belief, in Defendant's Application Defendant has alleged that it first used the DURABOX mark in interstate commerce on or around August 1, 2016, a date well after DigitalBuyer's first use in interstate commerce of the DURABOX mark in May 2015.

21.　Upon information and belief, DigitalBuyer has priority of use in its trademark DURABOX over Defendant's use, because DigitialBuyer's first use of its DURABOX trademark in interstate commerce pre-dates any date upon which Defendant can rely upon to establish priority.

///
///
///

COMPLAINT AND DEMAND FOR JURY TRIAL

### *DigitalBuyer Opposes Defendant's Application*

22. On February 7, 2017, the USPTO published Defendant's Application for opposition, and on May 30, 2017, DigitalBuyer timely filed Opposition No. 91234793 against Defendant's Application (the "Opposition").

23. In the Opposition, Digital Buyer alleged that it had priority of use and that Defendant's use of an identical mark, namely, DURABOX, in connection with goods related to DigitalBuyer's goods is likely to cause confusion, mistake, or deceit among the trade and consuming public, and that Defendant's Application should therefore be refused registration on that basis.

24. DigitalBuyer and Defendant conducted some limited discovery in the Opposition and engaged in settlement negotiations. However, on September 20, 2019, in response to Defendant's motion to dismiss for failure to prosecute, the USPTO's Trademark Trial and Appeal Board ("TTAB") dismissed the Opposition with prejudice against DigitalBuyer citing DigitalBuyer's purported failure to prosecute the Opposition.

25. Because the Opposition was dismissed, Defendant's Application proceeded and matured to registration when, on January 14, 2020, the USPTO issued U.S. Trademark Registration No. 5958465 in the name of Defendant for the mark DURABOX covering tool boxes of metal, empty; tool and tool accessory boxes made of metal sold empty and parts and fittings therefor; tools chests of metal sold empty, in International Class 6. Attached hereto as **Exhibit D** is a copy of U.S. Trademark Registration No. 5958465 (the "Defendant's Registration").

26. Upon information and belief, now that Defendant's Registration has issued, the USPTO is very likely to remove the DigitalBuyer Application from suspension and formally cite Defendant's Registration against the DigitalBuyer Application on the basis of likelihood of confusion, and thereby cause further harm to DigitalBuyer by precluding DigitalBuyer from achieving registration of its DURABOX trademark.

27. Notwithstanding the fact that the Opposition was dismissed, DigitalBuyer now brings this action for infringement against Defendant seeking injunctive relief and damages, remedies that were not available to DigitalBuyer in the Opposition and which DigitalBuyer may seek regardless of the dismissal of the Opposition. *See V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542 (9th Cir. 2019).

### *Defendant's Ongoing Infringement of the DURABOX Trademark*

28. Upon information and belief, Defendant is engaged in the business of manufacturing, marketing, and selling tool boxes made of metal, tool and tool accessory boxes made of metal sold empty and parts and fittings therefor, and tools chests of metal sold empty.

29. Upon information and belief, Defendant commenced using the mark DURABOX in interstate commerce on or around August 1, 2016, a date well after DigitalBuyer's first use in interstate commerce of the DURABOX mark in May 2015 and subsequent first sale in August 2015.

30. Upon information and belief, since August 2016, Defendant has used the mark DURABOX in connection with the advertising, promotion, sale, and distribution of tool boxes of metal, empty; tool and tool accessory boxes made of metal sold empty and parts and fittings therefor; tools chests of metal sold empty (the "Infringing Products"), goods which are similar to and related to DigitalBuyer's products.

31. Upon information and belief, Defendant advertises its Infringing Products through its website www.dura-box.com. Attached as **Exhibit E** is a screenshot from the website www.dura-box.com showing Defendant's products advertised for sale under the mark DURABOX.

///

///

7

32. Although Defendant's Registration for the mark DURABOX includes a design, the wording of Defendant's mark is identical to DigitalBuyer's DURABOX trademark.

33. Upon information and belief, both DigitalBuyer and Defendant advertise and promote their products through similar channels to similar customers. In fact, a search for "durabox" conducted on the [www.google.com](www.google.com) search engine shows that both DigitalBuyer's websites and products and Defendant's website and products are among the first few search results simultaneously displayed on the first page of search results. *See* **Exhibit F** attached hereto.

34. Upon information and belief, the goods being marketed and sold by Defendant under the DURABOX mark are virtually identical and/or highly related to the goods being offered by DigitalBuyer under its DURABOX trademark.

35. Upon information and belief, the purchasers and potential purchasers of Plaintiff DigitalBuyer's products offered and sold under its DURABOX trademark are identical or similar to the purchasers and potential purchasers of Defendant's products marketed and sold under the DURABOX mark.

36. The use by Defendant of the DURABOX mark in connection with the same or related goods as those of DigitalBuyer is likely to cause confusion, mistake, and/or deception of the trade and relevant consuming public, who are likely to believe that Defendant's Infringing Products emanate from and/or are endorsed, sponsored, approved, or authorized by DigitalBuyer, when they are not.

37. Upon information and belief, Defendant selected and adopted the DURABOX mark with knowledge of Plaintiff DigitalBuyer's prior rights, and, upon further information and belief, Defendant's continued use of the DURABOX mark has been with the intent to trade upon the goodwill and well-regarded reputation associated with DigitalBuyer and its DURABOX trademark.

38. Upon information and belief, all of Defendant's acts complained of herein have been and are being taken intentionally and willfully.

39.	Upon information and belief, notwithstanding the dismissal of the Opposition in September 2019, Defendant's infringement of DigitalBuyer's rights in its DURABOX trademark has been ongoing and continuous because Defendant has not ceased using the mark in connection with the Infringing Products.

## VI.   CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

*Trademark Infringement and False Designation of Origin*
*In Violation of the Federal Lanham Act § 43(a), 15 U.S.C. § 1125(a)*

40.	Plaintiff re-alleges and incorporates paragraphs 1 through 39 above as if fully set forth herein.

41.	Since well before the commencement of Defendant's conduct and actions alleged herein, Plaintiff has used the DURABOX trademark in commerce in the United States, which trademark is protectable under Lanham Act Section 43(a), 15 U.S.C. § 1125(a), as being either inherently distinctive or having acquired secondary meaning.  As such, the DURABOX trademark identifies Plaintiff as the source of the products marketed and sold under the DURABOX trademark.

42.	Commencing sometime after DigitalBuyer first used the DURABOX trademark, Defendant commenced using in commerce, and has, to date, continued to use in commerce, the mark DURABOX which is virtually identical and or highly similar to DigitalBuyer's DURABOX trademark.  Therefore, Defendant's DURABOX mark is confusingly similar to DigitalBuyer's DURABOX trademark.

43.	DigitalBuyer is informed and believes and alleges thereon that Defendant's past and continued use of the DURABOX mark is falsely designating the origin and/or source of Defendant's Infringing Products as DigitalBuyer.

44.	DigitalBuyer is informed and believes and alleges thereon that Defendant's past and continued use of the Infringing Products is likely to cause confusion or deception among consumers in that potential consumers are likely to

10763131

mistakenly believe that there is an affiliation, connection, or association between DigitalBuyer and Defendant, when there is not, or that DigitalBuyer has manufactured, authorized, sponsored, approved, or endorsed Defendant's use of the DURABOX mark and Infringing Products, when DigitalBuyer has not.

45. Defendant's actions constitute trademark infringement and/or false designation of origin in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

46. Defendant's conduct described herein has caused and, if not enjoined, will continue to cause, irreparable harm to Plaintiff's rights in its DURABOX trademark, and its business's positive reputation, and the goodwill of Plaintiff, which cannot be adequately compensated solely by monetary damages. Plaintiff, therefore, has no adequate remedy at law and seeks preliminary and permanent injunctive relief under 15 U.S.C. § 1116.

47. DigitalBuyer is informed and believes and alleges thereon that Defendant's infringing activities have been conducted willfully, with knowledge of Plaintiff's prior rights in the DURABOX trademark, and with the intent to cause confusion among potential consumers. As such, in addition to injunctive relief, Plaintiff is entitled to an award of treble damages and attorneys' fees in bringing and maintaining this action under Section 35(b) of the federal Lanham Act, 15 U.S.C. § 1117(b).

48. Unless Defendant is restrained by this Court from continuing to infringe the DURABOX trademark, the consuming public will continue to be harmed from the confusion being caused and likely to be caused by Defendant's acts and Plaintiff's injuries will, therefore, continue to accrue.

## SECOND CLAIM FOR RELIEF

*Cancellation of U.S. Trademark Registration No. 5958465*

49. Plaintiff re-alleges and incorporates paragraphs 1 through 48 above as if fully set forth herein.

50. DigitalBuyer is informed and believes and alleges thereon that Defendant's past and continued use of the DURABOX mark is falsely designating the origin and/or source of Defendant's Infringing Products as DigitalBuyer.

51. DigitalBuyer is informed and believes and alleges thereon that Defendant's past and continued use of the DURABOX mark and the Infringing Products is likely to cause confusion or deception among consumers in that potential consumers are likely to mistakenly believe that there is an affiliation, connection, or association between DigitalBuyer and Defendant, when there is not, or that DigitalBuyer has manufactured, authorized, sponsored, approved, or endorsed Defendant's use of the DURABOX mark and Infringing Products, when DigitalBuyer has not.

52. Under Section 14 of the Lanham Act, 15 U.S.C. § 1064, Defendant's U.S. Trademark Registration No. 5958465 for the mark DURABOX is subject to cancellation within five years of its registration date.

53. Consequently, because of the likelihood of confusion that will arise between Plaintiff's and Defendant's concurrent use of the identical mark DURABOX, Plaintiff requests cancellation of Defendant's U.S. Trademark Registration No. 5958465 for the mark DURABOX under Section 37 of the Lanham Act, 15 U.S.C. § 1119.

### THIRD CLAIM FOR RELIEF

*Unfair Competition In Violation of California
Business & Professions Code §§ 17200, 17500 et seq.*

54. Plaintiff re-alleges and incorporates paragraphs 1 through 53 above as if fully set forth herein.

55. DigitalBuyer is informed and believes and alleges thereon that Defendant's willful, knowing and unauthorized use of the DURABOX mark and the Infringing Products and misleading advertising of the same, among other acts, is causing and/or is likely to cause confusion as to the source of the goods and is

causing harm to Plaintiff's goodwill and reputation. Defendant's infringing use consists of an unlawful, misleading, fraudulent, and/or deceptive appropriation of Plaintiff's exclusive rights in the DURABOX trademark.

56. DigitalBuyer is informed and believes and alleges thereon that Defendant's unfair and deceptive business practices and misleading advertising as alleged in this Complaint are in violation of California Business and Professions Code, Section 17200 *et seq.*, and California Business and Professions code, Section 17500 *et seq.* The predicate acts comprising Defendant's unlawful, unfair, deceptive, and/or fraudulent trade practices or acts include, but are not limited to, the violations of law and deceptive marketing and advertising more fully set forth in this pleading.

57. Plaintiff has no adequate remedy at law. Monetary compensation will not afford Plaintiff adequate relief.

58. Defendant's acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damage to Plaintiff that is difficult, if not impossible, to measure. Unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged, including unfair competition, Plaintiff will continue to suffer irreparable harm. Injunctive relief is therefore appropriate under California Business and Professions Code Sections 17200 and 17500, *et seq.*, to prevent Defendant from engaging in any further acts of unfair competition.

59. Under California Business and Professions Code Section 17203, Defendant is required to also disgorge and/or restore to Plaintiff all money, profits, or property acquired or earned by means of Defendant's unfair competition with Plaintiff.

60. Under California Business and Professions Code Section 17203, Plaintiff is also entitled to a preliminary and permanent injunction restraining

Defendant, its respective officers, agents, employees, distributors and all persons acting in concert with them, from engaging in such further unlawful conduct.

## FOURTH CLAIM FOR RELIEF

*Common Law Trademark Infringement*

61. Plaintiff re-alleges and incorporates paragraphs 1 through 60 above as if fully set forth herein.

62. DigitalBuyer is informed and believes and alleges thereon that Defendant's unauthorized use of the DURABOX mark, among other acts, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's Infringing Products are manufactured or provided by Plaintiff, associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff, in violation of the common law of the State of California.

63. Defendant is also passing off the Infringing Products as products manufactured or provided by Plaintiff when they are not. DigitalBuyer is informed and believes and alleges thereon that Defendant's unauthorized use of the DURABOX mark and Infringing Products, among other acts, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's Infringing Products are the same as or related to Plaintiff's products.

64. Defendant's acts are in violation of the common law of the State of California.

65. DigitalBuyer is informed and believes and alleges thereon that Defendant's misconduct resulting in such actual and likelihood of confusion, deception, and mistake will continue unless enjoined by this Court.

66. As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered harm and is entitled to monetary damages in an amount to be determined at trial.

67. In addition, Defendant's conduct described herein has caused and, if not enjoined will continue to cause, irreparable harm to Plaintiff's rights in its DURABOX trademark, and its business's positive reputation, and the goodwill of Plaintiff, which cannot be adequately compensated solely by monetary damages. Plaintiff, therefore, has no adequate remedy at law and seeks preliminary and permanent injunctive relief.

## FIFTH CLAIM FOR RELIEF

*Common Law Unfair Competition*

68. Plaintiff re-alleges and incorporates paragraphs 1 through 67 above as if fully set forth herein.

69. DigitalBuyer is informed and believes and alleges thereon that Defendant has engaged in and continues to engage in unfair competition by using the DURABOX mark and Infringing Products, among other acts, that Defendant has engaged in and continues to engage in unfair competition by using the DURABOX mark and Infringing Products with the intention of interfering with and trading on the business reputation and goodwill engendered by Plaintiff through hard work, diligent efforts, and the expenditure of considerable resources, time and money in promoting and selling its products under the DURABOX trademark.

70. Defendant's acts have caused Plaintiff competitive injury, as described herein, and specifically have caused Plaintiff to incur damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the DURABOX trademark.

71. As a direct and proximate result of Defendant's misconduct, Plaintiff has been, and will continue to be irreparably harmed, injured and damaged, and such harm sill continue unless enjoined by this Court.

72. Plaintiff is also without an adequate remedy at law.

73. Plaintiff is therefore entitled to an injunction restraining Defendant, its agents, employees, representatives, distributors and all persons acting in concert with them, from engaging in further acts of unfair competition.

74. DigitalBuyer is informed and believes and alleges thereon that Defendant's conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to exemplary damages or punitive damages under California Civil Code Section 3294 in an amount appropriate to punish Defendant and to make an example of Defendant to the community at large.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Defendant as follows:

1. That the Court grant injunctive relief preliminarily and permanently enjoining Defendant, and its respective employees, officers, agents, representatives, successors, assigns, and all others acting in concert with them or participation with Defendant to whom notice of the injunction is given by personal service or otherwise from:

   a. Using the DURABOX mark or any other mark or indicator of source that is identical or confusingly similar to Plaintiff's DURABOX trademark in connection with the production, manufacturing, marketing, advertising, promotion, distribution, offering for sale, or selling of tool boxes of metal, empty; tool and tool accessory boxes made of metal sold empty and parts and fittings therefor; tools chests of metal sold empty; or any other products related or similar thereto; and

   b. Performing any acts or using any other trademarks, trade dress, names, designations, images, photographs, words, devices, or phrases that are likely to confuse, deceive, or otherwise mislead the trade or public into believing that Defendant and Plaintiff are the same or are in some way connected, that

Plaintiff is a sponsor or supplier to Defendant, or that Defendant's products or services originate from or are somehow connected or associated with Plaintiff, or sponsored, endorsed, or authorized by Plaintiff;

2. That the Court order cancellation of Defendant's U.S. Trademark Registration No. 5958465 for the mark DURABOX under Section 37 of the Lanham Act, 15 U.S.C. § 1119;

3. That the Court order Defendant to file with the Court and serve on Plaintiff within 30 days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

4. That the Court order Defendant to deliver to Plaintiff for destruction all Infringing Products or other products marketed and sold under the DURABOX mark or any other confusingly similar mark or name;

5. That the Court find that Defendant's infringement and other acts alleged herein be deemed willful and intentional, and engaged in with conscious disregard of Plaintiff's rights, and with the intent to cause confusion among the consuming public;

6. That the Court order the Defendant to provide an accounting of all profits, monies and advantages that Defendant has obtained by reason of its wrongful conduct;

7. That the Court order Defendant to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's DURABOX trademark, and for unfairly competing, in an amount to be determined at trial;

8. That the Court order Defendant's damages to be trebled and that this case be found exceptional and that Defendant be ordered to pay Plaintiff its attorneys' fees and costs under 15 U.S.C. § 1117;

9. That the Court order Defendant to pay Plaintiff restitution for violation of California Business & Professions Code Sections 17200, 17500 *et*

*seq.*, and enjoin Defendant from further acts of unfair competition under the terms thereof;

10. That the Court order Defendant to disgorge and restore to Plaintiff all money or profits and property acquired by means of Defendant's unfair competition with Plaintiff under California Business and Professions Code Section 17203, and enjoin Defendant from further acts of unfair competition under the terms thereof;

11. That the Court order Defendant to pay exemplary damages or punitive damages under California Civil Code Section 3294 in an amount appropriate to punish Defendant and to make an example of Defendant to the community at large;

12. That the Court grants such other and further relief as it deems just and proper.

DATED:  July 13, 2020          FULWIDER PATTON LLP

By: _____
Gary M. Anderson
*Attorneys for Plaintiff*
Digital Marketing Corp. d/b/a DigitalBuyer

*Of Counsel*:

Atul R. Singh (*pro hac vice pending*)
asingh@egsllp.com
James M. Smedley (*pro hac vice pending*)
jsmedley@egsllp.com
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas, 11th Floor
New York, New York  10105
Telephone:  (212) 370-1300
Facsimile:  (212) 370-7889

10763131

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all issues in the above-captioned action which are triable to a jury.

DATED:  July 13, 2020                                   FULWIDER PATTON LLP

                                                        By: _____
                                                            Gary M. Anderson
                                                            *Attorneys for Plaintiff*
                                                            Digital Marketing Corp. d/b/a DigitalBuyer

*Of Counsel*:

Atul R. Singh (*pro hac vice pending*)
asingh@egsllp.com
James M. Smedley (*pro hac vice pending*)
jsmedley@egsllp.com
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas, 11th Floor
New York, New York  10105
Telephone:  (212) 370-1300
Facsimile:  (212) 370-7889